STATE v. NOBLE SCHAGEL.[1]

November 29, 1907.

Nos. 15,385—(19).

**Intoxicating Liquor—Evidence.**

On appeal from a judgment in a prosecution for selling intoxicating liquor, under the name of "Swedish Malt," without a license, the evidence is considered, and *held* sufficient to justify the jury in finding that the article sold was in fact intoxicating liquor.

Defendant was convicted in the district court for Kandiyohi county of the crime of selling intoxicating liquor without a license. Defendant's motion for a new trial was denied, Qvale, J. From the judgment of conviction, defendant appealed. Affirmed.

*Charles Johnson,* for appellant.

*Edward T. Young,* Attorney General, *Geo. W. Peterson,* Assistant Attorney General, and *Geo. H. Otterness,* County Attorney, for the state.

BROWN, J.

Defendant was indicted, tried, and found guilty in the district court of Kandiyohi county of selling intoxicating liquors without a license, and appealed from the judgment of conviction. The only question presented by the assignments of error is whether the evidence justified the verdict of guilty.

The evidence shows that defendant conducted a place of business at Willmar, known as "Madison's Place," the precise nature of which is not fully disclosed by the evidence. At the time charged in the indictment he sold to the complaining witness one two-quart bottle of "Swedish Malt," charging and receiving therefor twenty five cents. The contents of the bottle were sent to Prof. Frankforter, dean of the State University School of Chemistry, to be analyzed for the purpose of ascertaining the ingredients of the article. The result of his analysis disclosed 2.72 per cent. of alcohol, and he declared it, in his opinion as a witness, intoxicating liquor. It also appears from the rec-

[1] Reported in 113 N. W. 1014.

102 M.—26

ord that the "Golden Grain Belt Beer," made at Minneapolis, contains from 1.84 per cent. to 2.20 per cent. of alcohol. Another sample of the malt sold by defendant disclosed upon analysis 3.18 per cent. of alcohol. Defendant did not claim to be a licensed saloonkeeper, but it incidentally cropped out during the trial that he had a government license for the sale of intoxicating liquor. Upon this state of the evidence it is clear that a case for conviction was made out—at least one for the consideration of the jury.

But defendant, admitting the sale of the malt as charged in the indictment against him, claimed, and introduced a number of witnesses in support of his claim, that the article sold the complainant was not in fact intoxicating liquor. He testified that he had sold this malt for a number of years, and that none of his patrons had become intoxicated therefrom. He was corroborated in this by some of his customers, of more or less experience in drinking intoxicating liquors, who came forward as witnesses and testified that they had partaken quite freely of the beverage, drinking four, five, and six glasses in succession, and were not intoxicated, and did not in fact even feel the exhilarating effect generally attributed to a like copious indulgence in the "Golden Grain Belt" brand of the same article. This presented a reasonably fair case for the consideration of the jury, but the showing was by no means conclusive. This evidence, in connection with that offered by the state, made the question whether the malt was an intoxicating liquor one for the jury to determine, and their conclusion, supported by the learned trial court in denying a new trial, that it was, cannot be disturbed.

Judgment affirmed.